UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXPRESS LIEN, INC.                              CIVIL ACTION

VERSUS                                          NO: 13-4889

ROHILLCO BUSINESS SERVICES, LLC                 SECTION: R(5)

**ORDER AND REASONS**

Defendant RoHillCo Business Services, LLC ("RoHillCo") moves to withdraw deemed admissions.[1] For the following reasons, the Court GRANTS RoHillCo's motion.

Plaintiff Express Lien, Inc. ("Express Lien") sues RoHillCo for copyright infringement, trade dress infringement and unfair competition.[2] It alleges that RoHillCo copied Express Lien's protected content and has distributed that content for profit on its website.[3]

On March 27, 2014, Express Lien moved for summary judgment.[4] It argues that it submitted requests for admissions to RoHillCo on January 24, 2014, that RoHillCo failed to respond within 30 days, and that its requests are therefore deemed admitted.[5] *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30

---

[1] R. Doc. 18.

[2] R. Doc. 1 at 1.

[3] *Id.* at 5.

[4] R. Doc. 16.

[5] R. Doc. 16-2 at 5; R. Doc. 16-3 at 2.

days after being served, the party to whom the request is
directed serves on the requesting party a written answer or
objection addressed to the matter and signed by the party or its
attorney.") It therefore asserts that RoHillCo has admitted,
among other things, that it copied content from Express Lien's
website and published that content on its own website; that it
never asked Express Lien for permission to do so; that it never
entered into a licensing agreement with Express Lien; and that
content on its website was copied from Express Lien's website
without attribution.[6]

   RoHillCo now moves to withdraw three of the five deemed
admissions.[7] It argues that it responded to Express Lien's
requests for admissions on March 27, 2014 and that it should be
permitted to substitute those responses for the deemed
admissions.[8] It contends that it "made reasonable inquiries in
its quest to appropriately respond to Express Lien's requests"
but that "counsel has not yet been able to obtain the information
that is required to allow a response to the requests at issue."[9]
In its March 27, 2014 responses, RoHillCo admits that it never
asked Express Lien's permission to publish content and that it

---

[6] R. Doc. 16-2 at 5-6; R. Doc. 16-3 at 2-3.

[7] R. Doc. 18.

[8] *Id.* at 2, 4; R. Doc. 18-4.

[9] R. Doc. 18-1 at 2.

never entered into a licensing agreement with Express Lien.[10] It states, however, that it cannot admit or deny at this time that it published content it neither originally authored nor obtained permission to publish, that it copied content from Express Lien's website and published that content on its own website, or that it copied content without attribution.[11]

Under Rule 36(b) of the Federal Rules of Civil Procedure, a district court may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the [party that requested the admissions] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("[T]he proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b)."). The Court finds that RoHillCo's motion to withdraw admissions satisfies this standard. Given that Express Lien's motion for summary judgment turns on whether RoHillCo knowingly copied and published Express Lien's proprietary content, the Court finds that withdrawal of the deemed admissions will undoubtedly promote presentation of the

---

[10] R. Doc. 18-4 at 3.

[11] *Id.* at 1-4.

merits. *See Dolet Hills Lignite Co., LLC v. Gen. Elec. Co.*, No. 01-2471, 2002 WL 31115259, at *5 (E.D. La. Sept. 23, 2002).

Further, Express Lien will not be prejudiced simply by having to prove facts previously deemed admitted. Prejudice does not arise under Rule 36(b) simply because "the party who initially obtained the admission will now have to convince the fact finder of its truth." *Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990) (quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Rather, prejudice under the Rule "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses" as a result "of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (quoting *Brook Village*, 686 F.2d at 70). Express Lien makes no showing of increased difficulty as a result of RoHillCo's withdrawal of its admissions at this time. Indeed, there are months remaining before the discovery cutoff, and trial is not scheduled until October 14, 2014.[12] Further, Express Lien contends that it can satisfy its summary judgment burden even if RoHillCo is permitted to withdraw the deemed admissions.[13]

---

[12] *See* R. Doc. 13 at 2, 3.

[13] *See* R. Doc. 21 at 4-6.

Since RoHillCo meets the criteria for withdrawal of admissions under Rule 36(b), and since refusing to allow withdrawal would effectively decide the case on the basis of default admissions, the Court will permit RoHillCo to substitute its March 27, 2014 responses in place of its deemed admissions. *See Ordoyne v. McDermott, Inc.*, No. 99-3456, 2000 WL 964912, at *2 (E.D. La. July 11, 2000).

Accordingly,

IT IS ORDERED that RoHillCo's motion to withdraw deemed admissions is GRANTED.


New Orleans, Louisiana, this  8th   day of May, 2014.


**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

5